## Norland v. Osterberg

*Marsh, Spaeder, Baur & Marsh,* for plaintiff.
*Hosbach, Good & Fisher,* for defendant.

KITTS, P. J., July 6, 1943.—In this case plaintiff, as landlord, filed an amicable action and confession of judgment in ejectment against defendants as her tenants, whereupon defendants, by counsel, filed a notice to strike off the proceeding alleging six reasons therefor. On this motion the court, on April 7, 1943, granted a rule to show cause why the said amicable action and confession of judgment in ejectment should not be stricken from the record and stayed all proceedings meanwhile. Testimony was taken at the hearing and

after argument we are of the opinion that the notice given to the tenants and to the local rent control board does not comply with the provisions of the Emergency Price Control Act of January 30, 1942, 56 Stat. at L. 23, nor with the regulations prescribed thereunder together with the rules of this court on that subject.

It is easy to conceive how learned counsel for plaintiff, John A. Spaeder, Esq., failed to include all the requirements in his notice owing to the fact that he evidently relied upon the agreement of the tenants to vacate the premises and also relied upon instructions from some individual at the rent office. The name of this individual could not be disclosed but we give full credence to the testimony of Mr. Spaeder.

In the first place, under the said Emergency Price Control Act, a tenant cannot waive his or her rights and, secondly, such individual at the rent office had no authority to give any such instructions to Mr. Spaeder.

While there are six reasons set forth in defendant's motion, it will be unnecessary to discuss them seriatim as, in our opinion, the whole case boils down to the question whether or not plaintiff complied with said act and our rules of court, particularly in failing to set forth that such notice should "state the ground under this section upon which the landlord relies for removal or eviction of the tenant", as required by the said act of Congress and the maximum rent regulations of the administrator under the provisions of this act. We are of the opinion that all notices given to the tenants or to the rent control office were notices to vacate and gave no information as to the intention of filing a suit in ejectment, nor did they state any reason for so doing in full compliance with the act and said regulations.

The real estate, possession of which was sought, is in an area which is covered by the rules and regulations adopted by the Office of Price Administration as

provided in the Emergency Price Control Act, supra. This act of Congress, its meaning and its administration, is under the jurisdiction of the United States and the Federal courts, and once this jurisdiction attaches it is the supreme law of the land, and no State law, no procedure or rule of State court, no act of State authority, can alter, add to, or subtract from it: Kalb et ux. v. Feuerstein et ux., 308 U. S. 433. This required notice, or notices, is a condition precedent to the filing of any suit for the recovery of possession of the premises and their absence makes the whole proceeding void ab initio.

In article VI, cl. 2, of the Constitution of the United States it is provided:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

Of course, a State can create judicial tribunals, with full and adequate power to hear and determine controversies between parties brought before them, to enter final judgments, and to issue process to carry them into execution. Yet such power of the State is subject to control and regulation by Congress when acting pursuant to its constitutional power. See Claflin v. Houseman, Assignee, 93 U. S. 130.

This court recently ruled in the case of Pratt v. Hollenbeck, 48 D. & C. 303, that this act is constitutional. However, the said act has not been ruled upon as to its constitutionality by the Supreme Court of the United States.

There are laws which, if adopted in peacetime, would be in violation of the Constitution, but which, if adopted and enforced during the existence of war, are not in violation of the Constitution. In the instant case, the

act of Congress is a war measure, and assuming that, notwithstanding the provisions of subsections (c) and (d) of section 204 of the said act, we have jurisdiction to pass upon the constitutionality of the particular provisions of the act involved in this proceeding we have, as mentioned supra, ruled that this act is constitutional. Therefore, it is unnecessary to discuss this question at further length but we will refer the attorneys in this case to the decision of Pratt v. Hollenbeck, supra.

Plaintiff honestly feels that her rights have been violated by the tenants. This may be the case but, on account of the exigencies of the times and the crisis of war that faces us, this court is required strictly to enforce this act. To require all detail to be a matter of Congressional enactment would defeat the very purpose of Congress. Delay at home may be as fatal as defeat at the front.

There are few decisions of the courts which pass upon the question involved in the instant case. The act itself is new and classified as emergency legislation, but this question has been ruled upon in the Court of Appeals of the State of Ohio in the case of Hamrick v. Dufford, decided May 10, 1943, in case no. 3580. In this case the court held that it was incumbent upon the landlord to state in its notice the ground upon which the landlord relies for removal or eviction of a tenant. The court went on to say that in the Hamrick v. Dufford case the landlord complied with the requirements of the statutes of Ohio but not with the said requirement of the rules and regulations as adopted under the said act of Congress. There is also one Pennsylvania case, that of Home Protective Savings & Loan Assn. v. Robinson et ux., 47 D. & C. 505. This was a rule to strike off and Judge Wilson found that the judgment was not entered in compliance with the rules and regulations of the Emergency Price Control Act and ordered the proceedings stricken from the record.

In view of the foregoing we make the following

*Order*

And now, to wit, July 6, 1943, the rule granted April 7, 1943, on defendant's motion to strike this proceeding from the record be and the same is hereby made absolute, plaintiff to pay the costs of this proceeding.